**ORIGINAL**

FILED IN OPEN COURT
U.S.D.C. Atlanta

APR 0 6 2021

James N. Hatten, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID SHEMTOV | Criminal Indictment<br><br>No. 1 21-CR-123 |

THE GRAND JURY CHARGES THAT:

**COUNTS ONE through EIGHT**
*Wire Fraud (18 U.S.C. §§ 1343 & 1349)*

1. Beginning on a date unknown, but by at least in or about October 2019, and continuing to a date unknown, but until at least in or about December 2020, in the Northern District of Georgia and elsewhere, the defendant, DAVID SHEMTOV, knowingly devised, attempted to devise and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, well knowing and having reason to know that said pretenses, representations, and promises were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material.

**Background**

At times relevant to this Indictment:

2. The Victim Company is a privately-owned company based in the Northern District of Georgia that is in the business of facilitating the trade-in of electronic

devices. Its software platform enables the buyback of smartphones, tablets, computers, accessories, or any other pre-owned technology ("devices") in exchange for payment and/or recycling.

3. Apple Inc. is a company that has contracted with the Victim Company to handle its device trade-in process. Apple customers with devices to trade in can go to Apple's website to complete an online trade-in request form. The online form and the trade-in process are managed and administered by the Victim Company. Apple customers may opt to receive Apple gift cards, typically transmitted electronically as a link to a multi-digit code, in exchange for their old Apple devices.

4. To initiate the online trade-in process, Apple customers complete an online form entering their name, email address and mailing address, identifying the Apple device model (*e.g.*, Apple iPhone 6S or Apple iPhone 8) and describing the condition of the device. The data from the online form is passed to the Victim Company, which maintains access to that data in its Northern District of Georgia location.

5. After receiving the data from the online form, the Victim Company mails the customer a box to ship his or her device to a facility in Texas. The Victim Company instructs the customer that the device must be shipped in an unlocked mode for the trade-in to be completed. Once the Victim Company receives the device, it inspects the device and ensures the device has been unlocked. If the device is not unlocked, the Victim Company contacts the customer to have the customer unlock the device remotely using his or her Apple iCloud account.

6. After the device is unlocked and inspected, the Victim Company either emails the customer a link to redeem an Apple gift card at the quoted value, or emails a revised offer for the device. In the latter case, if the customer refuses the offer, the device is mailed back to the customer. If the customer accepts the offer, the Victim Company keeps the device and the customer is emailed a link to redeem the Apple gift card. The Victim Company uses the email address provided by the customer on the online trade-in request form to email the customer.

## Scheme to Defraud

7. From the time period beginning in or about October 2019 until in or about January 2020, SHEMTOV submitted and caused to be submitted over the Internet more than 1,400 fraudulent trade-in requests to Apple, each constituting an interstate wire transmission submitted electronically to the Victim Company from outside the state of Georgia.

8. On the Internet trade-in request forms, the trade-in requests purported to have newer, higher-valued devices, typically an iPhone XS Max, to trade in to Apple. The trade-in requests provided at least four different post office box locations as the addresses where the shipping boxes should be sent. The trade-in requests used more than a dozen fictitious names.

9. In reality, SHEMTOV never intended to trade in the higher-valued devices bearing the model numbers identified in the trade-in requests. Instead, SHEMTOV used the shipping boxes provided by the Victim Company to send in or cause to be sent in less valuable devices.

10. For instance, more than 900 of the trade-in requests claimed to have iPhone XS Max with 64 gigabyte capacity to trade in, for a value of $545, but the devices mailed or caused to be mailed by SHEMTOV were various versions of iPhone 6's, with a trade-in value of $30.

11. Most or all of the devices submitted and caused to be submitted by SHEMTOV remained in the locked setting, contrary to the Victim Company's instructions. The Victim Company's systems were set up to not revise its quoted value downward after receiving a device in the locked setting that was of a lower value than the device represented on the Internet trade-in request form. Accordingly, Apple gift cards were sent by email for the value of the trade-in model reflected on the trade-in request form, even though the devices sent or caused to be sent by SHEMTOV were worth substantially less.

12. SHEMTOV well knew and had reason to know that the model numbers submitted on the Internet trade-in request form were inaccurate, and that by submitting forms with the wrong model number, the Victim Company would provide Apple gift cards that exceeded the value of the devices to be traded in.

13. SHEMTOV was personally enriched by the Apple gift card payments made directly as a result of this scheme.

14. Eventually, the Victim Company detected the scheme and stopped sending gift cards for the fraudulently claimed trade-in values.

15. The Victim Company also learned to detect trade-in requests believed to be part of the scheme before it mailed out boxes, and it stopped sending boxes in response to those trade-in requests.

16. From in or about March 2020 through in or about December 2020, SHEMTOV submitted and caused to be submitted more than 1,000 additional trade-in requests using more than 100 fictious names as part of the scheme to defraud the Victim Company. The Victim Company flagged these requests and did not send boxes to complete the trade-ins.

17. During the scheme, SHEMTOV called the Victim Company's call-in center multiple times to inquire about the status of the anticipated Apple gift cards. The Victim Company's call-in center is located in the Northern District of Georgia. The calls originated outside the state of Georgia.

### Execution of the Scheme and Artifice to Defraud

18. The following are among the instances in which SHEMTOV executed, attempted to execute and intended to execute this scheme to defraud. On or about the dates listed below, in the Northern District of Georgia and elsewhere, SHEMTOV, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises and omissions, did, with the intent to defraud, cause to be transmitted by means of wire communication in interstate commerce the signals and sounds described below, each transmission constituting a separate count:

| Count | Date (on or about) | Wire Communication |
|---|---|---|
| 1 | October 10, 2019 | Submission of an online trade-in request form claiming that SDavid Shentov of Hawthorne Blvd., Portland, OR with email address wsale018+Sdavid@gmail.com had an iPhone XS Max 64GB to trade in (confirmation # 30254900654) |
| 2 | November 10, 2019 | Submission of an online trade-in request form claiming that Henry Brock022 of S Robertson Blvd., Beverly Hills, CA with email address wsale022+henry@gmail.com had an iPhone XS Max 64GB to trade in (confirmation # 30937324652) |
| 3 | November 26, 2019 | Submission of an online trade-in request form claiming that David Unit117 of SE Hawthorne Blvd., Portland, OR with email address wsale03+david117@gmail.com had an iPhone XS Max 64GB to trade in (confirmation # 30624158082) |
| 4 | December 15, 2019 | Submission of an online trade-in request form claiming that Sean Unit578 of S. La Cienega Blvd., Los Angeles, CA with email address wsale06+sean578@gmail.com had an iPhone XS Max 64GB to trade in (confirmation # 30505206190) |
| 5 | December 15, 2019 | Submission of an online trade-in request form claiming that Sean Banaf06 of S Robertson Blvd., Beverly Hills, CA with email address wsale06+sean@gmail.com had an iPhone XS Max 64GB to trade in (confirmation # 30407843116) |
| 6 | December 30, 2019 | Submission of an online trade-in request form claiming that Andi Box117 of SE Hawthorne Blvd., Portland, OR with email address wsale08+andibox117@gmail.com had an iPhone XS Max 64GB to trade in (confirmation # 30234817812) |
| 7 | February 3, 2020 | Telephone call to the Victim Company's call-in center inquiring about the device trade-in with confirmation # 30832254780 |
| 8 | February 4, 2020 | Telephone call to the Victim Company's call-in center by caller claiming to be named Joseph, inquiring about the device trade-in with confirmation # 30224598737 |

All in violation of Title 18, United States Code, Sections 1343 and 1349.

## FORFEITURE

19. Upon conviction of one or more of the offenses alleged in Counts One through Eight of this Indictment, the defendant, DAVID SHEMTOV, shall forfeit to the United States pursuant to 18 U.S.C. § 981 (a)(1)(C) and Title 28, United States Code, Section 2461, any property, real and personal, constituting or derived from proceeds traceable to said violation(s). The property to be forfeited includes, but is not limited to, a personal forfeiture money judgment, that is, a sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Eight of this Indictment.

20. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

**[Continued on Next Page]**

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

A  True                                    BILL

FOREPERSON

KURT R. ERSKINE
 *Acting United States Attorney*

ALISON B. PROUT
 *Assistant United States Attorney*
Georgia Bar No. 141666

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181