# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff, | : | |
| | : | CRIMINAL ACTION |
| | : | |
| vs. | : | Indictment Number: |
| | : | 1:21-cr-123-JPB-CMS-1 |
| DAVID SHEMTOV, | : | |
| Defendant. | : | |

---

## OBJECTIONS TO THE SECOND REPORT AND RECOMMENDATION
---

Pursuant to Fed. R. Crim. P. 72 (b) (2) and 28 U.S.C. § 636 (b) (1), Shemtov timely objects to the Magistrate Judge's second report and recommendation that his motion to suppress search warrants, [Doc. 27, 30], be denied.  [Doc. 63].

## DISCUSSION

Federal law requires "[t]he district court [to] make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made."  28 U.S.C. § 636 (b) (1); *see* Fed. R. Crim. P. 72 (b) (2).  "A specific objection must identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection."  Kosher v. Protective Life Corp., 649 F. App'x 774, 777 (II) (11th Cir. 2016) (per curiam) (quoting Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989)).  "[A] party that wishes to preserve its objection must clearly advise the district court and

**Law Offices of Matthew K. Winchester | Garland Law Building | 3151 Maple Drive, NE**
**Atlanta, Georgia 30309 | Telephone: (678) 517-6894**

pinpoint the specific findings that the party disagrees with." United States v. Schultz, 565 F.3d 1353, 1360-61 (11th Cir. 2009).

"A judge of the court (i.e., a district judge) may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636 (b). Here, this Court should reject the report and recommendation's conclusion based on the following specific objections:

**Objection One: affidavit failed to proffer probable cause of the target offense**

On page nine of the second report, the Magistrate Judge rejected Shemtov's probable cause argument based on analysis in its first report and recommendation on Shemtov's motion to dismiss, dated August 23, 2022. [Doc. 63 at 9].

Shemtov has timely objected to the specific analysis incorporated from the first report (those objections remain pending) and incorporates those objections by reference here. *See* [Doc. 53 at 2-6] (objections one and two alleging failure to adequately consider the mechanics of the alleged scheme and failure to materially distinguish United States v. Takhalov, 827 F.3d 1307 (11th Cir. 2016)).

Beyond Shemtov's prior objections regarding the magistrate judge's construction of the alleged scheme, Shemtov also objects to the weight given to the affiant's proffer that the devices were submitted in the "locked" position. Because the affiant alleged that the e-mail containing an offer of redemption was only sent *after* the device was both "unlocked and inspected," the proffered fact that many of

**Law Offices of Matthew K. Winchester | Garland Law Building | 3151 Maple Drive, NE
Atlanta, Georgia 30309 | Telephone: (678) 517-6894**

the devices were submitted in the locked position was immaterial to the target offense.  *See* Objection Three, n. 2, *infra*.  Shemtov therefore **OBJECTS**.

**Objection Two: Attachment B fails for particularity**

On pages 13 through 15 of the second report, the magistrate judge rejected Shemtov's arguments that three categories of the search warrants' seizure attachments (Attachment B) were fatally overbroad, to the point of subsuming the other ostensible limitations in the search warrants.  [Doc. 63 at 13-15].  Specifically, the challenged categories were (d) and (f).  [Doc. 27-2 at 25].[1]

The magistrate judge erroneously viewed these overbroad seizure categories as "mere examples" designed to provide guidance to the executing officers that were modified by the attachment's general limitations to "fruits, contraband, evidence, and instrumentalities" of the target offense.  [Doc. 63 at 14].  This reading of the 1:20-mc-670 seizure attachment was incorrect.

Attachment B, paragraph II describes what will be seized by the government and uses the language "pertaining to the following matters" to modify the immediately following seizure categories.  [Doc. 27-2 at 25-26].  Rather than serving as "mere examples," the challenged categories establish the specific information to

---

[1]  The magistrate judge did not engage Shemtov's supplemental briefing, which materially distinguished <u>United States v. Soviravong</u>, No. 1:19-cr-146-AT-CMS, 2019 WL 7906196 (N.D. Ga. Dec. 2, 2019) and <u>United States v. Lee</u>, 1:14-cr-227-TCB-2, 2015 WL 5667102 (N.D. Ga. Sept. 25, 2015).  *Compare* [Doc. 27 at 5-7] *with* [Doc. 63 at 14-15].

**Law Offices of Matthew K. Winchester | Garland Law Building | 3151 Maple Drive, NE**
**Atlanta, Georgia 30309 | Telephone: (678) 517-6894**

be retained by the government after it had dumped Shemtov's email accounts and searched through every form of electronically stored information therein. These categories use of fluid terms and phrases such as "state of mind" and the subjective purpose of the investigation, to wit: "to determine the geographic and chronological context of account access, use and events . . . [,]" vested the executing officers with unreasonable discretion, rather than limiting the scope of their execution. Shemtov therefore **OBJECTS**.

### Objection Three: the good faith exception does not apply

On page 16 of the second report, the magistrate judge concluded generally that "Shemtov has not shown that any of the 'four limited sets of circumstances [from United States v. Leon, 468 U.S. 897, 922 (1984)] exists." [Doc. 63 at 16]. Should this Court sustain Shemtov's objections one or two and hold that 1:20-MC-670 (and thereby 1:20-mc-1462) was unconstitutional, Shemtov objects to the magistrate judge's analysis of the Leon exceptions.

Concerning overbreadth, assuming this warrant is overbroad, a reasonable law enforcement officer executing 1:20-mc-670 would not believe that the Fourth Amendment and/or Rule 41 authorized both the general search of every form of electronically stored information *and* subsequent *seizure* of the same. Accordingly,

**Law Offices of Matthew K. Winchester | Garland Law Building | 3151 Maple Drive, NE
Atlanta, Georgia 30309 | Telephone: (678) 517-6894**

the agent could not have reasonably relied on the overbroad seizure categories in Attachment B.[2]  Shemtov therefore **OBJECTS**.

## CONCLUSION

For the foregoing reasons, David Shemtov respectfully **OBJECTS** to the second report and recommendation and moves this Honorable Court to **SUPPRESS** the execution of 1:20-mc-670 and 1:20-mc-1462 from evidence at trial.

Respectfully submitted,

| | |
|---|---|
| */s/ Lawrence J. Zimmerman* | */s/ Matthew K. Winchester* |
| LAWRENCE J. ZIMMERMAN | MATTHEW K. WINCHESTER |
| Georgia Bar No. 785189 | Georgia Bar No. 399094 |
| Lead counsel for Shemtov | Co-counsel for Shemtov |

---

[2]  Should the Court agree with Shemtov's argument that the 1:20-mc-670 affidavit failed to proffer probable cause of an offense, this affidavit would fall within the "bare bones" exception discussed and applied in United States v. Glinton, 154 F.3d 1245, 1256-57 (11th Cir. 1998).  A reasonable agent reviewing this affidavit would not believe that the alleged model misrepresentations on the trade-in form were material to the scheme because the trade-in forms did not include the victim company to remit payment; only send Shemtov a box with which he could then submit a device. Likewise, a reasonable agent reviewing this affidavit would not believe that the submission of the devices in the locked position was material to the alleged scheme because the affiant averred that the victim company did not inspect the device unless and until it was unlocked by the customer.

**Law Offices of Matthew K. Winchester | Garland Law Building | 3151 Maple Drive, NE**
**Atlanta, Georgia 30309 | Telephone: (678) 517-6894**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing

OBJECTIONS, upon the government's counsel using the CM/ECF e-filing system,

which automatically sends e-mail notification to opposing counsel, Ms. Allison

Prout.

This the 13th day of February, 2023.

| | |
|---|---|
| */s/ Lawrence J. Zimmerman* | */s/ Matthew K. Winchester* |
| LAWRENCE J. ZIMMERMAN | MATTHEW K. WINCHESTER |
| Georgia Bar No. 785189 | Georgia Bar No. 399094 |
| Lead counsel for Shemtov | Co-counsel for Shemtov |

**Law Offices of Matthew K. Winchester | Garland Law Building | 3151 Maple Drive, NE**
**Atlanta, Georgia 30309 | Telephone: (678) 517-6894**