UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

DAVID SHEMTOV,

Defendant.

CRIMINAL ACTION NO.
1:21-CR-00123-JPB

## ORDER

This matter is before the Court on the Magistrate Judge's Final Report and

Recommendation dated August 23, 2022 [Doc. 49] ("First R&R") and the Final

Report and Recommendation dated January 30, 2023 [Doc. 63] ("Second R&R").

This Court finds as follows:

## BACKGROUND

On April 6, 2021, a grand jury indicted David Shemtov ("Defendant") on

eight counts of wire fraud.  [Doc. 1].  The alleged criminal activity at issue

involved a buyback program for electronic devices.  The buyback program was

managed by an entity identified as "the Victim Company" and allowed individuals

to trade in electronic devices, such as Apple iPhones, in exchange for Apple gift

cards.  Id. at 2-3.

Under the buyback program, an Apple customer, or a customer wishing to trade in an Apple device, first completed an online trade-in request form by entering their name, email address and mailing address.  Id. at 2.  On this form, the customer identified the Apple device model that he or she would be trading in and described the condition of the device.  Id.  Upon receipt of this form, the Victim Company told the customer how much that particular device was worth and then mailed the customer a box to facilitate the device's shipment to a facility in Texas.  Id.  Once in Texas, the Victim Company inspected the device.  Id.  In the event that the device was locked, the Victim Company contacted the customer to unlock it.  Id.  After the device was unlocked and inspected, the Victim Company either emailed the customer a link to redeem an Apple gift card based on the initial information provided by the customer on the online trade-in request form or emailed a revised offer for the device.  Id.  Significantly, the Victim Company's systems were not set up to revise its original quoted offers downward when it received a device in the locked setting that was of a lower value than the device represented on the trade-in request form.  Id. at 4.

The Indictment alleges that beginning in October 2019 and continuing through January 2020, Defendant submitted and caused to be submitted more than 1,400 fraudulent trade-in requests.  Id. at 3.  Specifically, the Indictment contends

2

that on the trade-in request forms, Defendant often claimed that he was trading in a newer, higher-valued device, such as an iPhone XS Max. Id. However, according to the Indictment, Defendant never intended to trade in the higher value devices and instead submitted, in the locked position, less valuable devices. Id. By submitting the devices in the locked position, Defendant was able to take advantage of the fact that the Victim Company's systems were not set up to revise its quoted value downward after receiving a device in the locked setting. Here, it is alleged that in more than 900 trade-in requests submitted by Defendant, Defendant claimed to be trading an iPhone XS Max with 64 gigabyte capacity, for a value of $545, but the devices that Defendant ultimately supplied to the Victim Company were various versions of the iPhone 6, with a trade in value of only $30. Id. at 4. Because the devices were submitted in the locked position, Defendant frequently received the $545 for the device rather than the $30 actual value.

On October 1, 2021, Defendant filed a Motion to Dismiss the Indictment. [Doc. 23]. In the motion, Defendant argued that the Indictment should be dismissed for failure to state an offense. Specifically, Defendant asserted that the facts alleged by the Indictment merely set forth a scheme to deceive—not a scheme to defraud. Defendant also argued that Count 7 and Count 8 should be dismissed

because the Indictment failed to explain how telephone calls to the Victim Company's call-in center were false or material to the alleged scheme.

Defendant also filed a Motion to Suppress Search Warrants.  [Doc. 27].  In that motion, Defendant asserted that the warrant to search his email accounts lacked probable cause because the affidavit in support of the warrant did not describe a crime.  Instead, Defendant argued that the affidavit merely identified a scheme to deceive.  Defendant also argued that even if probable cause existed, the warrant failed to describe with particularity the material to be seized.

The Magistrate Judge recommended denying both motions.  The First R&R, which addressed the Motion to Dismiss, was issued on August 23, 2022.  [Doc. 49].  Defendant filed objections on September 2, 2022.  [Doc. 53].  The Second R&R, which pertained to the Motion to Suppress, was issued on January 30, 2023.  [Doc. 63].  Defendant filed objections to the Second R&R on February 13, 2023.

## LEGAL STANDARD

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations.  United States v. Raddatz, 447 U.S. 667, 680 (1980).  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected-to portion under a "clearly erroneous" standard.  Notably, a party

objecting to a recommendation "must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court."  Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).  Placing this burden on the objecting party "'facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act.'"  United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Nettles v. Wainwright, 677 F.2d 404, 409–10 (5th Cir. Unit B 1982)).

## ANALYSIS

As stated above, Defendant filed objections to both R&Rs.  The objections are discussed below.

### I.   Objections to the First R&R involving the Motion to Dismiss

#### A. First Objection

The Magistrate Judge recommended denying Defendant's Motion to Dismiss.  In his first objection, Defendant argues that the Magistrate Judge erred by failing to adequately consider the mechanics of the alleged scheme.  Specifically, Defendant alleges that the Magistrate Judge overlooked paragraph five of the Indictment which explains that the Victim Company inspects the device before completing the transaction.  In short, Defendant contends that because the

Victim Company inspects the device before making payment, Defendant was merely engaged in an intent to deceive rather than a scheme to defraud.

There is no indication to this Court that the Magistrate Judge overlooked Defendant's argument or paragraph five of the Indictment.  Indeed, the Magistrate Judge detailed Defendant's argument on pages ten and eleven of the First R&R. The Magistrate Judge recognized that it was Defendant's position that no scheme to defraud existed because the Victim Company only extended offers after it unlocked and inspected devices.  [Doc. 49, p. 10].  The fact that the Magistrate Judge rejected this argument does not mean that the Magistrate Judge ignored or failed to consider it.  Thus, to the extent that Defendant argues that the Magistrate Judge overlooked the "mechanics" of the buyback program, the objection is **OVERRULED**.

### B.  Second Objection

Defendant argues in his second objection that the Magistrate Judge applied the wrong legal standard by failing to consider the factual allegations as pled in the Indictment.  Specifically, Defendant contends that the Magistrate Judge erred by finding that Defendant's argument was not a proper challenge under Federal Rule of Criminal Procedure 12.

While the Magistrate Judge determined that Defendant failed to make a proper challenge under Federal Rule of Criminal Procedure 12, the Magistrate Judge also stated the following: "even setting aside the procedural posture of the case, the misrepresentations at issue in this case appear to be precisely the kind of lies that [the Eleventh Circuit] made clear do amount to fraud." [Doc. 49, p. 12]. In other words, the Magistrate Judge found that even if a Rule 12 challenge was proper, Defendant's motion still would not have been successful.

The Eleventh Circuit Court of Appeals has held that the crime of wire-fraud requires "a scheme to defraud." United States v. Takhalov, 827 F.3d 1307, 1312 (11th Cir. 2016). In explaining what a scheme to defraud means, the Eleventh Circuit recognized that there is a difference between deceiving and defrauding: "to *defraud*, one must intend to use deception to cause some injury; but one can *deceive* without intending to harm." Id. In short, a defendant can scheme to defraud only if he schemes to deprive someone of something of value "by trick, deceit, chicane, or overreaching." Id. at 1313. "But if a defendant does not intend to harm the victim—'to obtain, by deceptive means, something to which [the defendant] is not entitled'—then he has not intended to defraud the victim." Id. Importantly, schemes to defraud exist where the defendant lies about the nature of the bargain.

In this case, Defendant argues that the Indictment does not show a scheme a defraud.  The Court disagrees.  The Indictment alleges that Defendant lied about the nature of the bargain itself.  Indeed, Defendant misrepresented to the Victim Company that he would be sending a higher-value device worth over $500 when what he really sent to the Victim Company was a device worth only $30.  Given that the allegations concern a lie involving the nature of the bargain itself, the Court agrees with the Magistrate Judge that "the misrepresentations at issue in this case appear to be precisely the kind of lies that [the Eleventh Circuit] made clear do amount to fraud." [Doc. 49, p. 12].  Accordingly, because the Court finds that the Indictment sufficiently alleges a scheme to defraud, Defendant's second objection is **OVERRULED**.

## II.    Objections to the Second R&R involving the Motion to Suppress

### A. First Objection

In his first objection to the Second R&R, Defendant asserts that the Magistrate Judge erred by concluding that probable cause existed.  In this objection, Defendant reasserts his view that the scheme alleged does not amount to a crime.  For the same reasons that the objections to the First R&R were overruled, this objection is also **OVERRULED**.

**B. Second Objection**

In the Motion to Suppress, Defendant argued that the search warrant was fatally overbroad because the warrant, which provided for the search of Defendant's email accounts, failed to describe with sufficient particularity the things to be seized within those accounts.  Defendant specifically took issue with the following categories of information that the warrant allowed to be seized:  (1) evidence relating to how and when the email account was accessed or used to determine the geographical and chronological context; (2) evidence relating to the planning, execution, furtherance and/or concealment of the crimes under investigation; and (3) evidence relating to the email account owner's and other participants' state of mind as it relates to the crimes under investigation. According to Defendant, these three categories make the warrant an impermissible general warrant.

The Court agrees with the Magistrate Judge that the above categories of evidence are not overly broad because the categories are narrowed by other language in the warrant which limits any seizure to information that would constitute "fruits, contraband, evidence, and instrumentalities" of the specified crimes.  [Doc. 63, p. 14].  To the extent that Defendant argues that the Magistrate Judge erred by finding that the categories are merely examples of the types of

evidence that can be seized and not limited in any way, the objection is

**OVERRULED**.

## CONCLUSION

The Court has carefully reviewed both the First and Second R&R and all objections thereto.  The Court finds that the Magistrate Judge's factual and legal conclusions are correct, and therefore Defendant's objections are **OVERRULED** in their entirety.[1]  Accordingly, the Court **APPROVES AND ADOPTS** the First R&R [Doc. 49] and the Second R&R [Doc. 63] as the orders of the Court.  For the reasons stated by the Magistrate Judge, Defendant's motions [Doc. 23]; [Doc. 27] are **DENIED**.

    **SO ORDERED** this 3rd day of November, 2023.

_____
J. P. BOULEE
United States District Judge

---

[1] Defendant also objected to the Magistrate Judge's conclusion that the good faith exception to the warrant requirement would apply in the event that the warrants were unconstitutional.  Because the Court finds that the warrants were constitutional, this objection need not be addressed.